UECKER, Appellant, vs. THIEDT, Executor, and others, Respondents.

*January 9—January 26, 1909.*

*Appeal and error: Review: Law of the case: Descent and distribution: Rights of divorced wife.*

1. The decision of the supreme court on appeal from an order sustaining a demurrer to the complaint is the law of the case, and governs in considering the sufficiency of an amended complaint interposed after such decision.
2. A wife who has obtained a divorce has no interest in the estate of her deceased husband so long as the judgment awarding her a final division and distribution of her husband's property stands unimpeached.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal by plaintiff from an order sustaining a demurrer to an amended complaint filed after a former decision in the same action. 133 Wis. 148, 113 N. W. 447.

The only material additions to the complaint are that the property of the deceased was $25,000 instead of $16,000; that plaintiff was subjected by deceased to cruel, abusive treatment for the purpose of inducing her to enter into the agreement of separation; that upon the trial of her divorce action the deceased appeared by attorney and introduced the agreement in evidence.    There are also allegations with reference to a motion in the divorce action some nine months subsequent to judgment, for modification thereof, and that deceased produced an affidavit on that motion falsely stating the amount of his property at $6,000.    There also seems to be added an attempted additional cause of action to set-aside the judgment of the county court admitting the will to probate on the ground of mental incompetency, undue influence, and fraud, and also to hold certain new parties to responsibility for money or property fraudulently obtained by them from the deceased.

For the appellant there was a brief by *W. C. Seefeld* and *George Sylvester,* and oral argument by *Mr. Seefeld.*

For the respondents *Thiedt* as executor and *Fischer* there was a brief by *R. Reukema* and *Otto A. Lemke;* for the respondent *Martin* there was a brief by *Houghton & Neelen;* for the respondents *Wolfgram* and others there was a brief by *A. G. Weissert,* attorney, and *Frank B. Van Valkenburgh,* of counsel; and the cause was argued orally by *Mr. Lemke* and *Mr. F. W. Houghton.*

DODGE, J.    The amended complaint adds no additional fact in the way of fraud upon the court which can serve to differentiate it from the preceding one.    The fact asserted that coercion or abusive treatment was added to the fraud in inducing plaintiff to enter into the agreement of separation was no more addressed to the court or effective to delude it than was the misrepresentation as to the amount of the estate.    That the agreement was made was a fact, and no fur-

ther fact is alleged to have been brought to the attention of the court to mislead it. The same consideration applies to the newly alleged action of the deceased by his attorney in producing that agreement in evidence. He thereby made no representation to the court which was not true. The rule of law laid down in the former decision, "fraud which can be made the basis of an attack upon a solemn judgment of a court of record must have directly induced the rendition of the judgment, not merely have induced or brought about a condition upon the real existence of which the court acted as the basis of its decree," is the law of this case; and now, as in the former complaint, the only fraud alleged is that perpetrated upon the plaintiff inducing her to enter into the agreement of separation and to accept $1,500 in full of her share of decedent's property. That agreement and the resulting separation became facts, and nowhere in the complaint is anything more alleged than that the existence of such facts was by the acts of the deceased husband represented to the court. This is not such fraud on the court as can justify a court of equity in granting any form of relief against a judgment. *Boring v. Ott,* 138 Wis. ——, 119 N. W. 865.

The attempted review of proceedings in county court is of course dependent upon the attack on the divorce judgment. While that stands unimpeached plaintiff has no interest in the estate, and for that reason, without considering others, can maintain no action with reference thereto.

*By the Court.*—Order appealed from is affirmed.