PELLETT and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*February 25—March 14, 1916.*

*Workmen's compensation: Notice of injury: Failure to give: When employer not misled: Burden of proof: Waiver: Notice of hearing: Contents: Reopening matter after award: Procedure: Discretion: Setting aside award: "Fraud" does not include perjury: Statutes: Construction.*

1. Evidence that on the day after an employee fell and was injured he told one of his employers how he fell, that he was hurt, and that he had gone to a doctor; that the employer said he would pay the doctor's bill; and that afterwards he did pay $5 thereon and also paid the employee $2 for loss of time, was sufficient to cast upon the employers the burden of showing that they were in fact misled by the failure of the employee to give written notice of the injury as provided in sec. 2394—11, Stats., and was sufficient, in the absence of evidence to the contrary, to sustain a finding that they were not misled.

2. By such payment of $2 to the employee, if made within thirty days after the accident, the employers, under said sec. 2394—11, waived the statutory notice of injury.

3. The notice of hearing given by the industrial commission under sec. 2394—16, Stats., should either have attached thereto a copy of the application for compensation or should contain a statement of the time, place, and general nature of the injury claimed to have been received.

4. Where an award had been made after a hearing but, because the employers had not received the notice sent them, the matter was opened to permit them to put in their evidence and to cross-examine the claimant, no error was committed in not compel-

ling the claimant to put in anew his evidence,—a wide discretion in such matters of mere procedure being vested in the com- mission in the absence of statutory regulations.

5. In sec. 2394—19, Stats. 1915, providing that an award may be set. aside on the ground that it "was. procured by fraud," the fraud alluded to does not include perjury or the concealment of ma- terial facts upon the hearing.

6. The report of the legislative committee which drafted the Work- men's Compensation Act may be referred to for the purpose of ascertaining the correct construction of the language used in the act.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award against the plaintiffs made by the *Industrial Commission* in favor of *James Suffern,* who. on July 29, 1914, sustained an injury while in their employ. Upon notice a hearing was had before the *Commission* in Manitowoc on August 28, 1914, and an award made. Sub- sequently the matter was opened up at the request of plaint- iffs, who had not received the notices of the hearing mailed them, due to their absence from. home, and a further hearing was had November 4, 1914, at which time all parties ap- peared, and the *Commission* made an award of $441.81 in favor of *Suffern.* Thereupon plaintiffs brought an action in. the circuit court for Dane county to set aside the award. The court made findings of fact and conclusions of law sus- taining the award, and from a judgment entered accordingly the plaintiffs appealed.

For the appellants the cause was submitted on the brief of *Nash & Nash.*

For the respondent *Industrial Commission of Wisconsin.* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by Mr. *Gilman.*

VINJE, J. Plaintiffs complain of the finding that they were not misled to their prejudice by the failure of the claim- ant to give them written notice of his injury as required by

statute.    There is evidence that the next day after claimant fell and was hurt he told one of his employers how he fell and that he was hurt and had gone to a doctor; that the employer told him he would pay the doctor's bill, and some time later did pay $5; that within thirty days his employers paid him $2 for loss of time caused by the injury.    Such evidence, in the absence of any evidence to show that they were misled, was alone sufficient upon which to base a finding that the employers were not prejudiced by the claimant's failure to give the statutory notice of injury.    But if this were not so, the notice would, by virtue of sec. 2394—11, Stats., be waived by the payment within thirty days of compensation.    That section provides for written notice of injury within thirty days and then says: "Provided, however, that any payment of compensation under sections 2394—3 to 2394—31, inclusive, in whole or in part, made by the employer before the expiration of said thirty days, shall be equivalent to the notice herein required."

Even assuming there had been no payment of the $2 within thirty days, the *Commission* properly held that upon the evidence adduced by claimant as to the knowledge plaintiffs had of his injury the burden rested upon them to show that they were in fact misled by a failure to receive written notice of injury.

The sufficiency of the notice of hearing is challenged.    Sec. 2394—16 provides: "The commission shall cause notice of such hearing, embracing a general statement of such claim, to be given to each party interested."    The notice in question stated that a hearing was to be had "to determine and adjust the difference in dispute as set forth in the application on file," and it is claimed that such notice does not comply with the statute in that it does not embrace a general statement of the claim.    We express no opinion as to the merits of this assignment of error, since it appears that before the second hearing was held plaintiffs had received a copy of the award

and were otherwise acquainted with the nature of the claim, so they could not be prejudiced by the notice received even if it were defective. Without intimating that it does or does not comply with the statute, we suggest that in justice to employers either a copy of the application for compensation should be attached to the notice or else it should contain a statement of the time, place, and general nature of the injury claimed to have been received.

The claim that plaintiffs were denied a copy of the evidence taken upon the first hearing does not seem to be sustained by the record. It shows they complained because they did not have it, but they proceeded with the hearing. No formal request for it and refusal is shown by the record so far as we have been able to discover.

Since the proceeding was opened up for the purpose of permitting plaintiffs to cross-examine the claimant and introduce evidence in chief, no error was committed by not compelling the claimant to put in anew his evidence. That was put in upon the first hearing, and the matter was opened up to allow plaintiffs to put in their evidence and to cross-examine the claimant. The *Commission* did not act without jurisdiction on the first hearing and was therefore under no obligation to annul what was then done. It could, as it did, let such evidence stand and supplement it by that taken on the second hearing. No doubt it was also within its discretion to set aside what had been done and begin anew had it seen fit to do so. In such matters of mere procedure a wide field of discretion must be given the *Commission* in the absence of statutory regulations as to how it should proceed.

Plaintiffs also seek to set aside the award because it was procured by fraud. The allegations as to fraud on claimant's part are substantially these: (a) that *Suffern* testified before the *Commission* that he was totally disabled for six months, when in fact he was not, and that he settled with a casualty company in which he was insured for only one month of total

disability; (b) that he concealed from the *Commission* that he was subsequently and within six months of his injury injured while in the employ of one Kennedy, resulting in total disability for ten days and partial disability for one week more. Plaintiffs also allege they first learned of *Suffern's* representations to the casualty company January 11, 1915, and that the *Commission* refused to set aside the award because more than ten days had elapsed since it was made. Sec. 2394—17, Stats. 1915.

It will be seen the fraud complained of consisted of false testimony on the part of the claimant and of concealment by him of facts material to the issue before the *Commission.* Sec. 2394—19, Stats. 1915, provides that an award may be set aside on the following grounds: "(1) That the commission acted without or in excess of its powers. (2) That the order or award was procured by fraud. (3) That the findings of fact by the commission do not support the order or award." The question, therefore, presented is whether the fraud alleged, assuming it to be sustained by proof, constitutes a ground for setting aside the award. It may be conceded that the language of the statute upon an original construction, regardless of principles guiding equity in granting relief from judgments obtained by fraud as announced in *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865; *Uecker v. Thiedt,* 137 Wis. 634, 119 N. W. 878; and *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, and regardless of the intent of the legislature as expressed in the report of and discussions before the committee that drafted the Workmen's Compensation Act, is susceptible of the construction that the fraud meant by the act includes perjury or the concealment of material facts upon the hearing. It is also susceptible of the construction that it includes neither; that it was not contemplated that trial after trial should be had upon the question of whether a witness testified falsely, for if one award could be set aside upon that ground a subsequent one could also, and

so on indefinitely. Happily there is as to this statute no doubt upon the subject. The report of the committee referred to and the discussions had before it conclusively show that it was the legislative intent that perjured testimony or concealment of material facts were not such fraud as the statute contemplates. In their report the committee said: "The fraud alluded to in the second ground will be only such as was perpetrated in securing the award, and will not include false testimony of any party, because such questions all will be decided by the board" (commission). This view is reinforced by the discussions before the committee, too lengthy to be here inserted. Such being the express legislative construction given the language used; and such construction being repugnant neither to the language used nor to judicial principles, must control. That reference may be had to the report for the purpose of ascertaining the correct construction of the language used was held in *Minneapolis, St. P. & S. S. M. R. Co. v. Industrial Comm.* 153 Wis. 552, 558, 141 N. W. 1119; *Hoenig v. Industrial Comm.* 159 Wis. 646, 648, 150 N. W. 996. The court therefore properly refused to receive evidence of the fraud alleged, since if established it could not affect the validity of the award.

*By the Court.*—Judgment affirmed.