Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JAMES GIBBONS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CONTINENTAL IRON WORKS, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, December 29, 1919.

**Workmen's Compensation Law — when failure to give written notice of injury not prejudicial — notice to foreman of employer.**

The failure of a claimant under the Workmen's Compensation Law to give written notice to his employer of an injury to his eye, necessitating its removal, is not prejudicial, where it appears that nothing could have been done for the eye, and that the foreman of the employer was informed of the injury by the claimant within two days thereafter, and by the brother of the claimant within thirty days thereafter, but that said foreman did not report the injury because he thought it was not necessary.

APPEAL by the defendants, Continental Iron Works and another, from an award of the State Industrial Commission in favor of the claimant, entered in the New York city office of said Commission on or about the 31st day of May, 1919.

*Robert M. McCormick [Joseph F. Murray* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Bernard L. Shientag,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The ground of this appeal is that no notice of injury was given the employer within the time prescribed by the Workmen's Compensation Law (§ 18, as amd. by Laws of 1918, chap. 634), and that it and the insurance carrier were prejudiced by such failure.

The Continental Iron Works, doing business at West and Calyer streets, in the city of Brooklyn, N. Y., was engaged in the manufacture of furnaces for ships. The claimant was employed by them as an air chipper, that is, as an operator of a machine controlled by air, the hammer of which chipped the scale from the furnaces. On December 16, 1918, a piece

of metallic compound consisting of steel and coke, came off the furnace upon which the claimant was working, and flew into his left eye. The next morning one of the workmen took a small piece of steel from the eye. During the following two days he worked he had a patch over his eye which the foreman noticed, but did not think it was necessary to then go over and ask him about it, but that night the ioreman inquired of him about his eye. The second day after he told the foreman that he did not know but he had something in his eye and must go and see about it. The foreman testified that he said he must have got it from the furnace while he was working. That is a frequent occurrence there. After treatment for a week and the eye growing worse he was recommended to a specialist who sent him to a hospital, where it was found necessary to remove the eye. A mixture of fifty per cent steel and coke was taken out.

The foreman testified that the claimant did not speak of it as an accident until he came out of the hospital, two months afterwards, February thirteenth. About three or four weeks after the injury, the foreman testifies that he asked claimant's brother: " What is the matter with your brother, he don't show up." He said: " There was something in his eye," that he got a piece of scale in his eye while in the shop, and that "he was in the hospital having an operation performed on his eye." The foreman did not report it because he thought it was not necessary. The brother testifies that he told the foreman within thirty days from the happening of the accident. As the steel went through the eye, nothing could be done for the eye. He went first to the Brooklyn Eye and Ear Infirmary, then to the New York Eye and Ear Infirmary. The State Industrial Commission found that the failure of the claimant to give written notice of the accident did not prejudice the appellants, and excused the failure to give such notice upon that ground. There is evidence to support such finding.

The appeal is also upon the ground that the daily wage was excessive. Appellant does not mention the point in his brief, so we assume that he has abandoned it.

The award of the Commission should be affirmed.

Award unanimously affirmed.