PATRICK SULLIVAN'S CASE.

Suffolk.    December 9, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: notice to employer. *Proximate Cause.* *Evidence,* Presumptions and burden of proof.

At the hearing of a claim under the workmen's compensation act for compensation by reason of a reduction of vision alleged to have resulted from an injury received while the claimant was lifting a barrel weighing four to five hundred pounds, there was evidence tending to show that the strain of lifting the barrel caused the claimant pain and that, as he was lifting it, it fell or "skidded on the bottom away;" that on the night of the accident the claimant observed some trouble with his eye; that he saw a physician and that, twelve days later, it was discovered that the retina of the right eye was detached. There was medical testimony to the effect that the separation of the retina might have been caused by the strain or exertion shown in the history of the case. *Held,* that a finding was warranted that the injury to the eye arose out of and in the course of the claimant's employment.

The injury to the claimant above described occurred on a September 9. The claimant saw a physician on September 11 and 18. He continued work until September 18. He did not know until September 21 that his retina was detached, and until then did not connect the detachment with the strain of lifting the barrel. The superintendent of the employer inquired of the claimant's foreman as to his absence a few days after September 18 and was told that he had "soap in his eye." A few days later he telephoned to the claimant's physician. The claimant testified that he notified the employer about three weeks after the accident. His wife testified that she received a blank form of notice from the employer's superintendent which was signed by the claimant and delivered to the employer the last of October. There was no suggestion that the employer or the insured were prevented from making the fullest investigation or were embarrassed in the defence. *Held*, that a finding was warranted that the claimant had sustained the burden of proving under G. L. c. 152, § 44, that the insurer was not prejudiced by the claimant's failure to give notice to the employer as soon as practicable.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board. affirming and adopting findings of a single member of the board that the claimant, as the result of an injury received on September 9, 1920, in the course of and arising out of his employment by Potter Drug and Chemical Company and while lifting a barrel, received an injury by reason of which the vision of his right eye was reduced to less than one tenth with glasses, and that the insurer was not prejudiced by the lateness of a notice which was not given by the employee to the employer until October 29, 1920; and awarding compensation.

In the Superior Court, the case was heard by *Wait*, J. Material evidence appearing in the record is described in the opinion. By order of the judge, a final decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. J. Sullivan*, for the insurer.

*J. L. Hurley*, for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation act, the employee was awarded compensation; and the insurer appealed, on the ground that there was no causal connection between the alleged accident and the injury claimed, and that the employee has not sustained the burden of proving that the insurer was not prejudiced by the employee's failure to give notice as soon as practicable.

There was evidence from which it could be found that while

engaged in lifting a barrel weighing from four to five hundred pounds, on or about September 9, 1920, it fell or "skidded on the bottom away from . . . [the employee]" and in falling struck him on the knee; and that the strain of lifting the barrel caused pain in the body. On the night of the accident the employee observed some trouble with his eyes. He saw a physician on September 11 and 18, and on September 21 it was discovered that the retina of the right eye was detached. One physician testified that a separation of the retina is sometimes caused by a sudden or lifting strain, and that a possible cause of the employee's injury was the lifting of the barrel. Another physician testified that in his opinion the alleged accident caused the separation of the retina of the employee's eye. The physician appointed by the Industrial Accident Board to examine the claimant reported that the "occupational incident of September 8 or 9 was the factor which induced the separation;" and that such a strain or exertion as was shown in the history of the case would cause the injury to the eye. On this evidence the board were fully warranted in finding that the employee's injury arose out of and in the course of his employment. *Pass's Case*, 232 Mass. 515, and cases cited.

The board found that notice of the injury was not given as soon as practicable, and adopted and affirmed the finding of the single member that the insurer was not prejudiced by this delay. They refused to find and rule as requested by the insurer that "The employee has not sustained the burden of proving that the employer and insurer have not been prejudiced by the employee's failure to give a notice as soon as practicable." By St. 1920, c. 223, § 1 (see now G. L. c. 152, § 44), it is provided that want of notice shall not bar proceedings under the workmen's compensation act, if it be shown that the association, subscriber, or agent had knowledge of the injury, "or if it is found that the insurer was not prejudiced by such want of notice." Assuming that the burden of proof is upon the employee — when notice as required by the statute is not given as soon as practicable — to show that the insurer was not prejudiced by such want of notice, in our opinion it could have been found that the insurer was not prejudiced by this failure.

The employee continued to work until September 18. He did not know until September 21 that the retina was detached; he

did not connect this with the strain of lifting the barrel until asked by his physician if he had had a strain or fall; and later he associated the injury to his eye with the accident. There was also evidence that a fellow employee was at work with him when the barrel slipped. The superintendent of the employer inquired of the foreman, a few days after Sullivan stopped work, for the reason, and was told he had "soap in his eye;" and a few days later, he telephoned to the employee's physician. Within a week after the accident the superintendent sent the foreman to see Sullivan, and a week or two later he himself visited him. Sullivan testified that to the best of his recollection he notified his employer of his accident about three weeks after it happened. His wife testified that a blank form of notice was received from the employer's superintendent, and that after it was signed by her husband she delivered it to the employer about the last of October. On this evidence it might well have been found that the insurer was not prejudiced by the delay in giving the notice. There is no suggestion that either the employer or insurer was in any way prevented from making the fullest investigation, or embarrassed in its defence; and there was full opportunity to test the good faith of the claimant and offer every contention possible. The employer knew when Sullivan ceased to work, or within a very short time thereafter, that he had trouble with his eye and that it was caused in some way by his employment. The superintendent saw the employee and, so far as appears from the record, was given all the information desired; although he did not know that the injury was caused by the fall of the barrel until Mrs. Sullivan called on him, he did know that the claimant was unable to work and that in some way he had sustained an injury to his eye while in the course of his employment, and the employer continued to pay the employee his wages until October 29.

Considering the employee's ignorance of the nature of his injury and the exact cause of it, the knowledge of the employer that he was unable to work because of an injury to his eye, and all the other circumstances, the board could have found that the insurer was not prejudiced by the delay in giving the written notice.

*Decree affirmed.*