CARL JOHNSON'S CASE.

Worcester.    December 1, 1931. — June 28, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Notice, Filing of claim. *Evidence,* Presumptions and burden of proof.

Certain medical and other evidence, in proceedings under the workmen's compensation act, warranted findings by the Industrial Accident Board that there was a causal connection between the employee's exposure to noxious gases and fumes in his work for the subscriber from 1909 to 1927, and chronic bronchitis and emphysema which first incapacitated him for work on a certain date in 1927; and that the employee received a personal injury arising out of and in the course of his employment on that date.

Evidence, in the proceedings above described, that the employee at times between 1922 and 1927 was treated by the subscriber's shop doctor, who died at some time before the hearing in 1931; that he also was "in contact with the [subscriber's] shop nurse"; and that he told a representative of the insurer in 1927 after ceasing to work that he "thought he got his sickness while working for" the sub-

scriber, warranted findings by the Industrial Accident Board that the insurer, under the provisions of G. L. c. 152, §§ 44, 49, was not prejudiced by failure of the employee to give notice to the subscriber and to make claim within the times prescribed by § 41.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by a single member of the board, which were affirmed and adopted by the board in review, are stated in the opinion. In the Superior Court a decree was entered by order of *F. T. Hammond*, J., in accordance with the board's decision. The insurer appealed.

The case was submitted on briefs at the sitting of the court in December, 1931, and afterwards was submitted on briefs to all the then Justices.

*W. Doyle & E. W. Sawyer*, for the insurer.

*F. B. Spellman*, for the claimant.

RUGG, C.J. This is an appeal by the insurer from a decree in favor of the employee based on the findings of the Industrial Accident Board.

The claim of the employee filed with the board on August 2, 1930, stated that the time of the injury was about May 15, 1928, that the place of the injury was at the South Works of the American Steel and Wire Company, and that the cause and nature of the injury were the inhalation of noxious gases and fumes which resulted in chronic bronchitis.

The findings of the board member based upon a report of all the material evidence, which was subsequently affirmed and adopted by the reviewing board, were in substance as follows: The employee, who was thirty-seven years old, started in the employ of the American Steel and Wire Company in 1909. From 1909 to 1912 he operated a moving crane that lifted up ingots which were placed in a pit that had been heated to a certain degree, and they were then removed from the pit. The liquid metal is red hot and coal gas arises therefrom together with some odors that come from the gas. From 1912 to 1918 he worked on a stripper crane. He left the employ of the American Steel and Wire Company in 1918, returning in 1919. In 1919

and 1920 he was employed on copper refining in the cable works, which was done in connection with the melting of copper, and after six or seven months was transferred to the fire mill department where the copper was drawn from the fire. He remained there until the fall of 1922. From 1922 until 1926 he worked on the stripper crane which consisted of putting ingots into molds. From 1926 until September 7, 1927, when he left the employment, he worked in the electrical cable department running a crane. The cable was swung down into a tank of hot liquid and when this was done the air became full of gas and tar smoke. The employee worked in a location that continuously subjected him to the inhalation of coal gas and dense smoke that came partly from tar, and which caused him to cough steadily. He is suffering from chronic bronchitis and emphysema and the same were causally related to his employment, being caused or aggravated by his exposure to the inhalation of gas and smoke.

The board member found that the employee received a personal injury arising out of and in the course of his employment, resulting in total incapacity; and that said total incapacity continues. On the authority of *Bergeron's Case*, 243 Mass. 366, he fixed the date of injury in this case as September 7, 1927, the last day the claimant worked, and found that upon that date the accumulated effect of all the exposure to which the employee was subjected by reason of his employment, being injury by inhalation of coal gas and dense smoke that came partly from tar, brought on a condition of chronic bronchitis and emphysema and first incapacitated the employee for work on September 7, 1927. The findings of the board member and of the reviewing board were supported and warranted by the testimony of Dr. Davidson and Dr. Peterson, without regard to the additional supporting evidence of Dr. Phipps, the impartial physician, which was objected to by the insurer.

The insurer contends that the evidence does not warrant as matter of law the finding of the board member and the reviewing board that the injury to the employee occurred in the course of his employment and arose out of that

employment. *McNicol's Case*, 215 Mass. 497. On the authority of *O'Reilly's Case*, 265 Mass. 456, 458, and cases cited, the insurer further contends that the employee has not proved by a fair preponderance of the evidence that the disability arose out of his employment.

On all the evidence the fair inference is that in all his work from 1909 until 1927 the employee was exposed to noxious gas and fumes at times, to degrees not clearly indicated. Whether there was causal relation between the conditions of his work and the injury sustained by the employee was largely a medical question. Assuming the facts to be as testified by Dr. Davidson, a specialist in diseases of the chest, that the employee is suffering from chronic bronchitis, emphysema, and chronic myocarditis, that he has had trouble with his tonsils, his nose and teeth, which are factors predisposing to chronic bronchitis; that if he had a congenital weak lung his chronic bronchitis, his hard coughing and straining would cause emphysema; and further giving weight to evidence that exposure to smoke and gas would aggravate the lung and bronchial condition, we think the board member was warranted in finding that the employee was "suffering from a chronic bronchitis and emphysema, and that the same was causally related to his employment being caused, or aggravated, by his exposure to the inhalation of gas and smoke" "that came partly from tar, and . . . caused him to cough steadily."

In his brief the employee admits that notice was not given the employer within the six months' period called for by G. L. c. 152, § 41, but submits that the omission to file such notice is cured by the last sentence of § 44 which reads: "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." We think the facts found by the board member and the reviewing board, that "the insured maintains a shop doctor, a nurse and a clinic," that "the employee was from time to time treated by the shop doctor . . . and was also in contact with the shop nurse," that "sometime in the fall of 1927 he talked with Mr. Kent, a

representative of the insurer, and he told Mr. Kent that he thought he got his sickness while working for the American Steel and Wire Company," and that "on June 11, 1925 he told Dr. Rose [the shop doctor] that his condition came from his work," warranted the finding of the board member and the reviewing board that failure to give the required notice "did not prejudice the insurer."

The employee admits in his brief that no claim for compensation was filed by him within the period fixed by G. L. c. 152, § 41, but submits that the failure so to file is cured by G. L. c. 152, § 49, which reads in part: "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter . . . if it is found that the insurer was not prejudiced by the delay." The burden being upon the claimant to establish by a fair preponderance of the evidence all essential facts to entitle him to the benefits of the workmen's compensation act, *Sponatski's Case*, 220 Mass. 526, *Crown's Case*, 254 Mass. 496, *O'Reilly's Case*, 265 Mass. 456, 458, the insurer contends that within the rule as to the burden of proof the claimant has failed to establish that "the insurer was not prejudiced by . . . want of notice or by the delay in making claim." A majority of the court are of opinion that, although the case is very close on this point, the finding of the reviewing board to the effect that the failure of the employee to file the claim within the time prescribed has not prejudiced the insurer, cannot be pronounced as matter of law to be unsupported by any evidence. The employee testified in addition to evidence already narrated that he saw Dr. Rose, the shop doctor, in 1922 and was treated by him off and on until he left the employment, and that he went to him every month; that he saw Dr. Rose about the time he left the employ of the insured and was sent to the hospital for observation. It appeared that at the time of the hearing on February 24, 1931, Dr. Rose had died, but the date of his death is not shown. The mere circumstance that there has supervened, at some unstated time, the death of the physician who probably knew most about the condition of the employee, is not enough to show, with all the other facts and circum-

stances and the rational inferences to be drawn from them, that the finding of the board on this point is unsupported by any evidence. *Tingus's Case*, 273 Mass. 453.

*Decree affirmed.*