THOMAS COAKLEY's (dependent's) CASE.

Suffolk.    September 11, 1933. — December 12, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Notice.

Evidence, in proceedings under the workmen's compensation act, was held to warrant a finding by a single member of the Industrial Accident Board, adopted by the board in review, that the employee, while lifting a box in the course of his work, suffered a strangulated inguinal and femoral hernia which was an injury arising out of and during the course of his employment, and that it necessitated an immediate emergency operation which resulted in his death.

Evidence at the same hearing was held not to warrant a finding that the insurer "had seasonable knowledge of said injury"; but, the evidence warranting a finding made by the board that the insurer "was not prejudiced by reason of failure to file claim seasonably," and there having been no finding by the board on the question, whether the insurer was prejudiced by reason of the fact that it had not had seasonable knowledge of the injury, the case was ordered recommitted to the board for determination of that issue.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Rose A. Coakley, daughter and sole dependent of Thomas Coakley, who was injured as described in the opinion.

In the Superior Court, the case was heard by *Walsh*, J., by whose order a final decree was entered awarding compensation.    The insurer appealed.

The case was submitted on briefs.

*G. F. Garrity* & *H. B. White*, for the insurer.

*P. L. Keenan* & *J. J. Darcy*, for the claimant.

PIERCE, J.    This is an appeal by the insurer from a decree awarding compensation to the claimant, a totally depend-

ent daughter, for injuries alleged to have been received by the employee and arising out of and in the course of his employment by a subscriber under the workmen's compensation act, and also awarding her as costs (G. L. [Ter. Ed.] c. 152, § 10) the sum of $50 in accordance with the assessment made by the Industrial Accident Board.

In support of its appeal the insurer contends, in substance, (1) that the claimant has not sustained the burden of proving that the accident arose out of and in the course of the employment; (2) that the employee did not give the notice as required by G. L. (Ter. Ed.) c. 152, §§ 41 and 42; (3) that neither the insurer nor the subscriber had knowledge of the accident so as to excuse the giving of notice and that the insurer was prejudiced by the failure to give notice as required by said §§ 41 and 42; and (4) that the claimant did not file claim within the statutory period and the insurer has been prejudiced by the failure so to do.

The facts material to the grounds of the decree in the Superior Court disclosed by the report of the member of the Industrial Accident Board are, in substance, as follows: The deceased, Thomas Coakley, while employed at St. Mary's cemetery, in August, 1930, sustained a sprain of the back while placing a heavy vault in a grave, and was paid compensation to September 2, 1930, when he signed a discontinuance and returned to work. An examination by his physician at that time showed "edema," "discoloration of the right hip joint to the knee," "considerable pain and strain of the back," and an enlarged right inguinal ring, without protuberance of hernia; and the evidence warranted a finding that the enlarged ring was due to the lifting. After Coakley returned to work in September he complained of his back once in a while and of not feeling well, and the superintendent of the cemetery did not put him on heavy work. "Before August, 1930, he had no complaints." The employee continued at this type of work until March 6, 1931, at which time, while he was assisting the superintendent of the cemetery in lifting an empty box weighing about one hundred fifty pounds, "he got a pain [in the back] and dropped it." The following day,

Saturday, March 7, 1931, he was put to work shovelling a light snow, cleaning out the gutters of the cemetery. On Saturday evening, March 7, 1931, Dr. McKellagat was called to the home of the employee. He was told that Coakley had worked that day and that evening he complained of pain in the right groin. On examination this doctor found a large mass the size of a tangerine in the right femoral region; the man had protracted vomiting, severe pain and tenderness. The mass was not reducible. The doctor made a diagnosis of "incarcerated femoral hernia." He advised an operation when he saw the employee again, on Sunday, which was refused, and again on Monday advised an operation but was unable to impress the family with the seriousness of the man's condition. On March 9, 1931, Dr. O'Reilly was called and was told by Coakley "that he had been taken home from work and Dr. McKellagat was called, who advised an operation." Coakley also told Dr. O'Reilly "that a funeral necessitated the lifting of a box; that following this he felt pain in the right front side." "When he stated he had pain, Coakley pointed to where the mass was. The mass was in the right inguinal region." Dr. O'Reilly on examination found, as Dr. McKellagat had found, "a large mass in the right inguinal region," and made a diagnosis of "strangulated hernia." He advised an "operation, to relax the ring." "An ambulance was called and . . . [the employee] was taken to the hospital and an operation performed right away"; "a large amount of intestines had dropped down and were found down in the scrotum." Coakley died on March 11, 1931.

In answer to the question, "assuming that he [Coakley] was apparently in good health before the injury of August, 1930; that thereafter he returned to work but did not do his old heavy work; that he complained at intervals about feeling pain and on March 7, 1931, he was lifting a box, as he told you, that he felt pain in his right groin; if he [the witness] assume these facts to be true, and also the picture which you found on physical examination on March 9, 1931, whether or not you feel that this lifting of the box on March 7, had anything to do with producing the strangu-

lated hernia," Dr. O'Reilly replied "there is no doubt about it." "It is . . . [his] opinion that the ring lost its elasticity on the first strain and any undue strain thereafter could make that hernia become active. The lifting of the box brought the condition down, any intraabdominal pressure, any force could bring it down." The testimony of Dr. McKellagat in respect to the question whether the lifting of the box was a factor in this case considered as a whole might have been found to be a denial of such causal connection with the strangulation, but it was not necessarily so. On the whole we think the action of the "Reviewing Board" adopting the findings and decision of the board member that "the deceased, Thomas Coakley, on March 7, 1931, sustained an injury which arose out of and during the course of his employment, to wit, a strangulated inguinal and femoral hernia, which necessitated an immediate emergency operation, resulting in his death on March 11, 1931," was warranted by the reported evidence.

On the question of notice we think the evidence did not warrant the finding that the insurer "had seasonable knowledge of said injury." Assuming the insurer did not have seasonable knowledge of said injury and that the board should have so found, the finding of that board is silent on the question, Was the insurer prejudiced by reason of the fact that it had not seasonable knowledge of said injury? G. L. (Ter. Ed.) c. 152, §§ 41, 49. See *Johnson's Case*, 279 Mass. 481; *Gaffer's Case*, 279 Mass. 566; *Kangas's Case*, 282 Mass. 155. We further think the evidence warranted the finding of the reviewing board that the insurer "was not prejudiced by reason of failure to file claim seasonably." It is plain the board was warranted in finding on the evidence reported that Rose A. Coakley, the claimant, was totally dependent upon the employee for support. It follows that the decree must be reversed and the case recommitted to the Industrial Accident Board for determination of the issue whether or not the insurer was prejudiced by the fact that it had not seasonable knowledge of the injury.

*So ordered.*