THOMAS McGOWAN'S CASE.

Essex.    November 7, 13, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Notice of injury, Filing of claim. *Evidence,* Presumptions and burden of proof.

If the Industrial Accident Board, upon review in proceedings under the workmen's compensation act, reverses a finding made by a single member of the board, and such reversal is warranted by the evidence before the board, neither the Superior Court upon a certification of the case to it nor this court upon an appeal from a final decree entered by the Superior Court has authority to review such finding by the board and to adopt the finding made by the single member.

In the determination of the question, whether failure by an employee to give notice and to file a claim within the time stated in G. L. (Ter. Ed.) c. 152, § 41, bars his claim under the workmen's compensation act, the burden is upon him to prove facts which entitle him to the benefits of §§ 44, 49, of the act and prevent the claim from being barred.

Whether such employee has sustained that burden commonly is a question of fact, a determination of which by the Industrial Accident Board upon evidence warranting it must stand and be accepted as true upon an appeal to this court from a decree of the Superior Court based on such decision.

CERTIFICATIONS to the Superior Court under the provisions of the workmen's compensation act of two decisions by the Industrial Accident Board, described in the opinion.

Material facts appearing in the records certified are described in the opinion. The first claim, where the American Mutual Liability Insurance Company was the insurer sought to be charged, was heard in the Superior Court by

*T. J. Hammond,* J., by whose order there was entered a final decree dismissing the claim as against that insurer.

The claim against the Liberty Mutual Insurance Company was heard in the Superior Court by *Qua,* J., and a final decree was entered dismissing it.

From both decrees the employee appealed.

*M. F. Cronin,* for the claimant.

*M. S. O'Brien,* for American Mutual Liability Insurance Company.

*M. J. Aldrich & E. W. Sawyer,* for Liberty Mutual Insurance Company, submitted a brief.

RUGG, C.J. This employee was operated on for hernia in 1922, 1925 and 1928. He was paid compensation under the workmen's compensation act from August, 1925, to January, 1926, and from December, 1928, to April, 1929. On December 15, 1931, while lifting cloth he felt a pain, and there was evidence tending to show that he had a hernia as a result of that lifting. He filed a claim for compensation on the theory that this was a recurrence of his earlier injury. The American Mutual Liability Insurance Company was the insurer of the employer at the time of the original injury. The board member found that it was a recurrence of his old injury. On review, however, the Industrial Accident Board reversed the findings and decision of the single member and found as follows: "This employee testified in answer to question by the insurer's counsel that 'he was doing a full day's work and doing it all right up to the time of the strike. The strike was in October, 1931. After the strike he went back and continued to do his work all right until he injured himself pulling this cloth on the dryer. He was doing the same kind of work up to the time he injured himself on the dryer.' The remainder of employee's testimony, in reply to questions by counsel for the insurer, is to the same effect, that he had an injury of some kind in December, 1931, which incapacitated him for work. The board find, upon all the evidence, that the occurrence of December, 1931, was the cause of his incapacity for work subsequent to that time and that the American Mutual Liability Insur-

ance Company, which ceased to insure the employer on January 1, 1929, is not liable for the payment of compensation to the employee under the provisions of the act." The board dismissed the claim against the insurer. In the Superior Court a decree was entered dismissing the claim of the employee for compensation.

It is familiar law that the finding of the board is final in these circumstances, provided it is supported by any evidence. It supersedes the finding of the board member. Neither the Superior Court nor this court has authority to review the finding of the board and on weighing the evidence adopt that of the single member in preference to it. *Di Giovanni's Case*, 255 Mass. 241, 242. *Seelig's Case*, 280 Mass. 466. It is enough to say without reviewing the evidence that the finding of the board cannot be pronounced as matter of law unsupported by evidence. It follows that no error of law is shown concerning that claim.

Thereafter the employee filed a claim on the theory that he had sustained a new injury on December 15, 1931. The Liberty Mutual Insurance Company was the insurer of the employer in December, 1931. Respecting this claim the reviewing board affirmed and adopted the findings and decision of the single member to the effect that the employee sustained a double hernia as a result of putting cloth on a dryer on December 15, 1931, that the insurer, insured or any agent of either did not have knowledge of said injury as soon as practicable, that there was no proof that the insurer was not prejudiced by want of notice, and that such want of notice was a bar to these proceedings by the employee, and directed that his claim for compensation be dismissed. A decree was entered in the Superior Court that the employee had failed to sustain the burden of proving that the insurer, insured or some agent of either had knowledge of any injury sustained by the employee as soon as practicable and that there was no proof that the insurer was not prejudiced by want of notice, and dismissed the claim for compensation.

No notice of the injury of December 15, 1931, was given

within the period prescribed by G. L. (Ter. Ed.) c. 152, § 41, and no claim was made within the period prescribed by that section. The employee's rights, therefore, depend upon §§ 44 and 49 of c. 152, in part as follows: § 44: "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice"; § 49: "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay." The burden rested upon the employee to prove facts which under these sections prevented his delay from barring his claim. *Kangas's Case*, 282 Mass. 155, 158. Whether the employee has sustained that burden is in the case at bar and commonly a question of fact. *Johnson's Case*, 279 Mass. 481, 485. *Coakley's Case*, 284 Mass. 559. It would serve no useful purpose to narrate the evidence. A careful examination of it convinces us that the findings of the reviewing board cannot be said as matter of law to be unwarranted. Therefore they must stand and be accepted as true. *DePietro's Case*, 284 Mass. 381, 384.

*Decree affirmed in each case.*