## Thomas Coakley's (dependent's) Case.

Suffolk.   November 15, 1934. — January 29, 1935.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Lummus, JJ.

*Evidence,* Presumptions and burden of proof.  *Workmen's Compensation Act,* Notice.

Where, in proceedings under the workmen's compensation act, it appeared that an operation was performed upon the employee shortly after he received an injury arising out of and in the course of his employment; that he died four days after being injured; that his condition was critical during a considerable portion of the four days; that at the time of his injury he was working with his superintendent, who had all the knowledge concerning it possessed by anybody except the employee himself; that no notice of the injury was given as required by § 41 of the act; and that the insurer did not have seasonable knowledge thereof, an inference was warranted that the claimant for compensation had sustained the burden, which rested upon him, of proving that the insurer was not prejudiced by want of the statutory notice or by failure to have seasonable knowledge of the injury.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

The case previously was before this court upon appeal from a decree entered in accordance with that decision; and, as reported in 284 Mass. 559, the case was ordered remanded to the board for determination of the issue described in the opinion. That issue having been determined by the board in the claimant's favor, a decree awarding compensation was entered in the Superior Court by order of *Morton,* J. The insurer appealed.

*H. B. White,* for the insurer.
*P. L. Keenan,* for the claimant.

RUGG, C.J.   This case was before us in 284 Mass. 559. It was there held that there was no evidence to support a finding that the insurer had seasonable knowledge of the injury to the employee.   No notice of the injury was given as required by G. L. (Ter. Ed.) c. 152, § 41.   All other questions were settled in favor of the claimant.   In conformity to the decision there rendered the case was recommitted to the Industrial Accident Board for "determination of the issue whether or not the insurer was prejudiced by the fact that it had not seasonable knowledge of the injury."   After rescript the case was considered by the Industrial Accident Board without additional evidence, and a finding was made to the effect that the claimant had sustained the burden of proving that the insurer was not so prejudiced and was not prejudiced by want of notice of the injury to the employee as required by the statute.   The single point to be decided is whether that finding was warranted.

The burden of proving that the insurer was not prejudiced by want of the statutory notice of the injury to the deceased employee or by failure to receive seasonable knowledge of that injury was on the claimant.   "But this burden could be sustained by warrantable inferences from the circumstances of the case without evidence specifically directed to disproving particular forms of prejudice." Anderson's Case, 288 Mass. 96, 101.   Kangas's Case, 282 Mass. 155, 158.

The evidence is set out at length in 284 Mass. 559 and need not be repeated.   Succinctly stated, so far as material to the single issue now presented, there was evidence tending to show these facts: The deceased employee received a sprain of the back and an enlarged inguinal ring arising out of and in the course of his employment on August 11, 1930, and was paid compensation until September 2, 1930, when he returned to work.   On March 7, 1931, while lifting in the course of his employment and working with his superintendent he had another pain in his back.   He returned to work the next day, but in the evening was attended by a physician who made a diagnosis of strangu-

lated and femoral hernia, and advised an immediate operation, and that a priest be called. That physician saw the employee on the two following days but was unable to obtain consent to an operation. Another physician was called on the evening of March 9, who advised that the only chance for the employee lay in an operation. The patient was immediately taken to a hospital and an emergency operation performed which revealed "a strangulated inguinal and femoral hernia." The convalesence was poor and the employee died on March 11, 1931. Claim for compensation was filed on March 8, 1933.

The interval between the injury and death of the employee was brief. During a considerable portion of it the employee was in a critical condition. It cannot be held as matter of law that notice ought to have been given within that short period. There was no mystery about the fact of an injury on March 7, 1931. The employee at the time of the occurrence was working with his superintendent who had all the knowledge concerning it possessed by anybody except the employee himself. So far as appears, no investigation into it could have revealed more than was stated in testimony by the superintendent, who was a witness at the hearing before the single member. The inference from all the circumstances that the insurer was not prejudiced by any omission of the deceased employee to give notice of his injury as soon as practicable or by not receiving seasonable knowledge of that injury cannot in our opinion be pronounced unreasonable or without support in the evidence. *Sullivan's Case,* 241 Mass. 36. *Johnson's Case,* 279 Mass. 481. *Gaffer's Case,* 279 Mass. 566. *McGowan's Case,* 288 Mass. 441. The case is distinguishable from *Kangas's Case,* 282 Mass. 155.

*Decree affirmed.*