(No. 7009. July 7, 1942.)

JAMES CALVIN CLAYTON, Respondent, v. HERCULES MINING COMPANY, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[127 Pac. (2d) 762.]

Frank L. Benson for appellants.

F. Clayton Keane and Eugene F. McCann for respondent.

GIVENS, C.J.—This case, formerly before this court (*Clayton v. Hercules Mining Co.*, 63 Ida. 301, 119 Pac. (2d) 890), was returned solely and expressly for the board to make a finding as to whether respondent had given notice within sixty days of the accident to appellants, or whether appellants had knowledge of the accident, or whether appellants had or had not been prejudiced by respondent's failure to sooner give notice of the claimed accident. Upon such remand the board found no formal notice had been given within the statutory time (60 days), that the employer had no knowledge thereof, but that there had been no prejudice by the delay, and awarded compensation.

Claimant claimed that the accident occurred on August 6, 1940, and the Industrial Accident Board found that it occurred during the last part of July. Claimant consulted a doctor August 16, 1940, and was hospitalized. He changed doctors on September 3 or 4, 1940, and was operated on September 19, 1940. Claim for compensation and medical reports were not filed until on or about October 30, 1940.

The only question involved in the present appeal is whether there is sufficient evidence to sustain such finding of lack of prejudice. Not only have appellants failed to show or indicate wherein they were prejudiced, but respondent has sustained the burden of proof resting upon

him to show lack of prejudice in this: appellant's contract physician stated the cause of respondent's injury (evidently tuberculosis of the testicle) might have been gonorrhea, syphilis, tuberculosis, or trauma. There was no evidence and no contention that the first two conditions were present. The board's finding that there was a compensable accident is based upon the supporting and underlying proof that the injury was occasioned by trauma (respondent's pinching his testicle against a steam pipe) and even though the present affliction might have been lighted up or accelerated by a tubercular condition, the finding of accidental injury on the original hearing before the board has by the previous decision herein become the law of the case.

Appellant's contract physician testified the treatment (as given a few days after the time of the asserted accident) responsive to any of the four causes was the same. Hence, appellants were not prejudiced by the failure of the physician's being unable to sooner properly treat the condition. (*Arneson v. Robinson*, 59 Ida. 223, 82 Pac. (2d) 249.)

Appellant's foreman, Steuart, was present in the hospital August 19, when respondent's condition was apprehended and apparent and when he discussed with the contract physician respondent's condition, and his own testimony indicates he was content to rely upon the physician's statement that it was not a compensable situation. Mr. Steuart testified as follows:

"A. It was the 19th—whatever Monday it was. On Saturday I saw him and it was Monday I got up to see what was the matter with him.

"Q. And you say that no mention was made—you don't recall your saying anything to him about this being a compensation case?

"A. I did not at any time.

"Q. Was Dr. Mowery present at the time?

"A. Dr. Mowery came in while I was talking to Clayton.

"Q. Dr. Mowery came in?

"A. I called on him and was talking to him about his condition and while chatting about it he was telling me about the misery he was in because he had been tied up so tight and while talking Dr. Mowery came in on his rounds. After looking Jim over he said is this an accident case. I

said no, the man is sick. And now I said, you are not going to turn in an accident report, Doctor? He said no. I said well, then, I said I don't have to.

"Mr. Suppiger: You said, 'You are not going to turn in an accident report?'

"A. I asked Dr. Mowery if he was going to turn in an accident report on this man. He said no. I said, well that is all right, because that is one thing we have to be careful about, if there had been any question.

"Q. Where were these statements made?

"A. In the Providence Hospital.

"Q. In the presence of Mr. Clayton?

"A. Mr. Clayton was right there in bed.

"Q. You had been talking to him previous?

"A. Oh, yes.

"Q. Did he say anything at the time or remonstrate with Dr. Mowery about it being an accident?

"A. No. He didn't say anything."

While the board found, and we are bound by such finding, that no actual notice was given, the injury was so brought to the attention of the employer, as shown by the testimony of the appellant's own superintendent, that ample opportunity was given for investigation of all facts and circumstances surrounding the injury. The employer, however, failed to make any real inquiry or investigation as to an accident. There having been enough to put the employer on notice, his failure to investigate when thus at least warned precludes predicating prejudice on the employe's failure sooner to give notice. (*Cooper v. Independent Transfer etc. Co.*, 52 Ida. 747, 19 Pac. (2d) 1057; *Gibbons v. Continental Iron Works*, 190 App. Div. 35, 179 N.Y.S. 608; Gerald's Case, 247 Mass. 229, 141 N.E. 862; Johnson's Case, 279 Mass. 481, 181 N.E. 761; Coakley's Case, 289 Mass. 312, 194 N.E. 122; *Pellett v. Industrial Commission*, 162 Wis. 596, 156 N.W. 956, 1917D Ann. Cas. 884; *Atlantic Refining Co. v. Allen*, 185 Okla. 194, 90 Pac. (2d) 659; Rich's Case, 301 Mass. 545, 17 N.E. (2d) 903; note, 92 A.L.R. 517.)

Other questions raised have been foreclosed by the previous decision herein.

Order affirmed. Costs to respondent.

Budge, Morgan, Holden, and Ailshie, JJ., concur.