KLUG & SMITH COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 20—December 8, 1925.*

*Workmen's compensation: Award for permanent partial disability: Subsequent death of employee: Right of widow to unpaid balance of award: Fraud sufficient to set aside award: Perjury or concealment of material facts.*

1. The widow of an employee who died after being awarded permanent partial disability is entitled to the residue of the compensation awarded to him, and on failure of the employer to bring an action to review the award, as it could under sub. 1, sec. 2394—19, Stats. 1921, the validity of the award can be questioned only on the ground that it was procured by fraud. p. 425.
2. Though the award to the employee may be set aside for fraud notwithstanding the employer's failure to have it reviewed, the fraud referred to does not include perjury or the concealment of material facts upon the hearing.   p. 426.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *Roehr & Steinmetz* of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

JONES, J.   John Kreiner was injured on November 24, 1921, while in the employ of the *Klug & Smith Company,* and on October 16, 1922, was awarded compensation by the *Industrial Commission* for permanent partial disability in the amount of $2,805.40, payable in monthly instalments. Less than a month after the award for permanent partial disability, on November 14, 1922, he took employment with the Palmolive Company as a millwright at full wages, and after the termination of this work was employed with the maintenance crew, and while so employed was injured on

January 23, 1923, and died as a result of his injuries, his widow, the defendant in this proceeding, receiving a death benefit of $5,300 from the Palmolive Company. This proceeding was commenced by the widow of John Kreiner for the residue of the permanent partial disability compensation awarded in October, 1922.

The contention of the plaintiffs and appellants is that the application of the widow, *Lonny Kreiner,* is an original application upon which the question of the permanent partial disability of the deceased may be determined *de novo;* that in any event the facts now established as to the subsequent employment of John Kreiner and testimony shown to be either perjured or misleading justify the reversal of the award of the *Industrial Commission* given in October, 1922. The circuit court for Dane county held that the widow had a right to the residue of the compensation awarded to the deceased, and from this judgment this appeal is brought.

It is the first contention of the appellants that there was no permanent partial disability. It is argued that since John Kreiner entered the service of the Palmolive Company at the wage of ninety cents an hour, working eight hours a day for six days a week, and was re-employed January 16th at a wage of sixty-five cents an hour, it was demonstrated that he suffered no permanent partial disability whatever and that the award must be set aside. It is argued that the proceeding commenced by his widow was a new one and that it was competent in this proceeding to show the extent of the disability actually sustained, and that it was the duty of the *Commission* to make a new finding.

The respondent replies to these contentions that the question whether John Kreiner suffered permanent partial disability is not before the court and that the award appealed from concerns merely the disposition of the balance due him. They rely on the decision in *Milwaukee v. Industrial*

*Comm.* 185 Wis. 307, 201 N. W. 251. In that case John Roth was injured while in the employ of the city of Milwaukee, and during his life, after the injury, the city paid his medical expenses and compensation. The *Commission* found that the accident was not the cause of his death, but that he died as a result of a stroke of apoplexy. The *Commission* found, however, that the accident had caused a permanent partial disability and ordered the payment of the proper sum for the widow. In the opinion of Mr. Justice ESCHWEILER, in which the statutes are discussed, it was said:

"Under the statute-controlled contract between the plaintiff city and John Roth, Sr., upon the happening of the injury there arose in Roth's favor a right under contract, as distinguished from a cause of action in tort, for compensation, both for his temporary total disability and for his permanent partial disability. At his death he had been paid in part for the one and nothing for the other. His death from a cause other than the injury merely cut off the possibility of further payment to him, but did not cut off or extinguish the right that he then had to compensation.

"The title and right to the entire compensation both for permanent partial and temporary total disability was as much in him at the time of his death as would have been title to the funds if the award had been made and paid before his death. The award does not fix the right to, only determines the amount of, the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail. If the provision here in question had not been in the statute, the fund here awarded might have properly become a part of his estate to be so administered, but as to funds of this nature the legislature may well provide, as we deem it they here have, that such funds shall go directly to dependents without the necessity of other procedure."

Counsel for the appellants argue that this case has no application because there was no question as to the disa-

bility having been sustained, while in the instant case it is claimed that there was no permanent disability.   In the findings of the *Industrial Commission* in the present proceeding, after reciting the awarding of compensation to John Kreiner on October 16, 1922, the amount due for permanent partial disability was determined, and it was found that "the applicant herein is the surviving widow of said John Kreiner and was living with him as his wife at the time of his injury and at the time of his death, and she is entitled to death benefit payable by the respondent and insurance carrier in the sum of $2,585.65, of which $1,172 has accrued;" and the following award was made:

"That within ten days from the date hereof, the respondent *Klug & Smith,* and their insurance carrier, *Wisconsin Mutual Liability Company,* shall pay to the applicant *Lonny Kreiner* the sum of $1,172, and that on the 15th day of June, A. D. 1924, and on the 15th day of each month thereafter, shall pay to the applicant the sum of $73.25 until such monthly instalments shall equal the sum of $1,413.65."

No claim is made that the findings in the proceeding by the widow are not sustained by the evidence nor that the findings were induced by fraud.   No action to review the award made to John Kreiner has been brought, although the statute provided that it was subject to review only within twenty days from the date of the order.   Sub. 1, sec. 2394—19, Stats. 1921.   We consider that the right of the widow to recover for the permanent partial disability was not cut off by the death of her husband, under the rule declared by the case already cited, and that the validity of the original award cannot now be questioned unless on the ground that it was procured by fraud.   No fraud on the part of *Lonny Kreiner* is charged, but it is earnestly claimed that her husband committed gross fraud by giving perjured testimony and concealing important facts from the *Commission.*   This question is also ruled by a former decision

of this court. *Pellett v. Industrial Comm.* 162 Wis. 596, 156 N. W. 956. In that case, in an opinion by Mr. Justice VINJE, it was held that, although an award might be set aside for fraud, the fraud referred to does not include perjury or the concealment of material facts upon the hearing. The reason for this conclusion was stated in the opinion and need not be repeated here.

*By the Court.*—Judgment affirmed.