BUEHLER BROTHERS, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 9—February 4, 1936.*

For the appellants there was a brief by *Niven & Mullaney* of Milwaukee, and oral argument by *John M. Niven.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Edward J. Herte* of Milwaukee, for the respondent Deaton.

NELSON, J. It is in substance alleged in the complaint that on July 5, 1934, after hearing had pursuant to secs. 102.03 to 102.35, Stats., the Industrial Commission made certain findings upon which it entered an order and award requiring the plaintiffs to pay to the defendant, Ross Deaton, certain sums of money as compensation; that the plaintiffs are aggrieved because the said award was procured by fraud, in that the entire claim of the applicant upon which said award was based was false and fraudulent, not only in its inception, but throughout the entire proceedings, for the reason that the said applicant had theretofore and long prior to the making of claim for the injury, asserted to have been sustained by him while in the employ of the plaintiffs, lost the sight of his right eye in an accident at Des Moines, Iowa, in the year 1923, while in the employ of Casson's Sausage & Meat Company, for which prior injury he recovered a lump sum settlement of $1,294, plus medical fees, in lieu of an

award of $15 per week for one hundred weeks; that the plaintiffs had used due diligence to ascertain the facts alleged prior to the hearing before the Industrial Commission, but that they did not discover that the applicant had theretofore lost the sight of his right eye, until more than twenty days had elapsed after the entry of said award.

The sole question for decision is whether the complaint states a cause of action. The question specifically raised and argued is whether the kind of fraud alleged in the complaint is the kind of fraud which permits the circuit court to set aside an order or award of the commission, pursuant to the provisions of sec. 102.23 (1), Stats. That section, among other things, permits the circuit court to set aside an order or award of the commission when it appears, "(b) that the order or award was procured by fraud."

The plaintiffs earnestly contend that since it is alleged in the complaint that the entire claim of the applicant upon which said award is based was false and fraudulent, not only in its inception, but throughout the entire proceedings, because the applicant had theretofore lost the sight of his right eye in another accident, for which injury he had been compensated, the award was procured by fraud, and that the circuit court therefore erred in holding that the complaint did not state a cause of action. In our opinion the controversy is ruled by *Pellett v. Industrial Comm.* 162 Wis. 596, 156 N. W. 956, and *Klug & Smith Co. v. Industrial Comm.* 188 Wis. 422, 206 N. W. 53. The plaintiffs seek to distinguish those cases by asserting that the fraud alleged in the complaint is not merely a fraud based on perjured testimony or on a concealment of material facts, but is a fraud going to the very essence of the applicant's claim, which was fraudulent in its inception and was faked and spurious. After carefully reviewing *Pellett v. Industrial Comm.* and *Klug & Smith Co. v. Industrial Comm., supra,* as well as the report

of the special committee on industrial insurance to the Wisconsin legislature, 1911, and the bound typewritten report of the proceedings of that committee, we are of the opinion that the construction given by this court in *Pellett v. Industrial Comm., supra,* to the language "(b) that the order or award was procured by fraud," was correct, and that the fraud which the legislature intended should justify the setting aside of an order or award of the Industrial Commission by the circuit court was the fraud of the commission, not the fraud of the applicant consisting of concealment and perjured testimony. In the typewritten report of the proceedings of the commission mentioned, which report is preserved in the legislative reference library, it clearly appears that the committee which drafted the original compensation act intended that the rules laid down by this court in *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865, and particularly those stated by Mr. Justice MARSHALL in his dissenting opinion, should govern the setting aside of orders or awards of the Industrial Commission. In *Pellett v. Industrial Comm., supra,* it was said:

"It may be conceded that the language of the statute upon an original construction, regardless of principles guiding equity in granting relief from judgments obtained by fraud as announced in *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865; *Uecker v. Thiedt,* 137 Wis. 634, 119 N. W. 878; and *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, and regardless of the intent of the legislature as expressed in the report of and discussions before the committee that drafted the Workmen's Compensation Act, is susceptible of the construction that the fraud meant by the act includes prejury or the concealment of material facts upon the hearing. It is also susceptible of the construction that it includes neither; that it was not contemplated that trial after trial should be had upon the question of whether a witness testified falsely, for if one award could be set aside upon that ground a subsequent one could also, and so on indefinitely. Happily there is as to this statute no doubt upon the subject. The report of the committee referred to and the discussions had before it conclu-

sively show that it was the legislative intent that perjured testimony or concealment of material facts were not such fraud as the statute contemplates."

*Pellett v. Industrial Comm., supra,* was decided on March 14, 1916. The conclusions there reached were approved in *Klug & Smith Co. v. Industrial Comm., supra,* decided December 8, 1925. The statute in question has remained unamended, so we may well conclude that the construction placed upon it by this court did not contravene the intention of the legislature.

In the complaint herein it is alleged that in a proceeding under secs. 102.03 to 102.35, Stats., the Industrial Commission made certain findings and entered its order and award based thereon. It must be presumed that testimony was taken and that the commission based its findings thereon. No order or award of compensation would have been granted without a hearing, and certainly no fraud in any legal sense was committed until testimony was given which induced the award. We think it fairly appears that the fraud alleged in the complaint is that based on perjured testimony and concealment of material facts. This is not the kind of fraud which will permit the circuit court to set aside an award of the Industrial Commission.

*By the Court.*—Order affirmed.