FOSSMAN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 8—October 3, 1950.*

*E. W. Van Dyke* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and for the respondent Connor

Lumber & Land Company by *Graves, Casey & Potter* of Wisconsin Rapids, and oral argument by *Stewart G. Honeck,* deputy attorney general, and *R. B. Graves.*

GEHL, J.   On April 2, 1937, plaintiff sustained an injury to his left eye while in the employment of defendant, Connor Lumber & Land Company.   He testified that he was repairing a clutch on a tractor at the time, chiseling off some substance with a solder pick; that a piece of metal hit him in the eye.   He was immediately sent to a hospital where a physician examined him.   The last payment for temporary total disability was made on May 12, 1937.   About two or three weeks later he was examined by another physician.   In February, 1947, plaintiff noticed a loss of vision in his left eye and consulted a doctor.   The examination disclosed a diagonal tear of the iris of the eye of traumatic origin.   A recheck of the vision made on July 15, 1947, disclosed that there was an increased impairment of vision.

Defendants contend that plaintiff's claim for compensation is barred by the provisions of secs. 102.01 (2) and 102.17 (4), Stats. 1935.   Sec. 102.01 (2) provides as follows:

". . . 'Time of injury,' 'occurrence of injury,' 'date of injury' is the date of the accident which caused the injury or in the case of disease, the last day of work for the last employer whose employment caused disability."

Sec. 102.17 (4), Stats. 1935, provides:

"The right of an employee, his legal representative, or dependent to proceed under this section shall not extend beyond six years from the date of the injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is latest."

Plaintiff contends, however, that a fraud was committed upon him by the physicians who examined and treated him immediately and shortly after his injury, that he did not discover the facts constituting such fraud until 1947, and that

therefore there is applicable sec. 330.19 (7), Stats., which permits commencement within six years of,—

"An action for relief on the grounds of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."

This section is one of the general provisions relating to limitation of actions and does not apply to proceedings under the compensation act. *Acme Body Works v. Industrial Comm.* 204 Wis. 493, 234 N. W. 756, 236 N. W. 378.

Plaintiff's claim is barred by the provisions of the Compensation Act, secs. 102.01 (2) and 102.17 (4), Stats.

*By the Court.*—Judgment affirmed.