BORELLO, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*November 23, 1964—January 5, 1965.*

64

For the appellant there was a brief and oral argument by *Roland J. Steinle, Jr.,* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

BEILFUSS, J.   It is the appellant's contention that the commission does not lack jurisdiction to reconsider her claim because extrinsic fraud on the part of the employer, Marathon, prevented the commission from determining the real issue, namely, did the claimant suffer an occupational disease (lead poisoning) caused by her employment.

Counsel for the appellant candidly states in his brief:

"At the beginning of this argument it must be said that the following statement found near the end of Judge BARD-WELL's 'Directions for Judgment' is a verity:

" 'There is not even a scintilla of evidence in this record that the commission in any way perpetrated any fraud upon

the applicant at the time of the 1950 hearing. In fact, no such allegation is even hinted at by counsel for the applicant.'

"Further, we cannot challenge the observations of Judge BARDWELL that the Commission order of May 23, 1950 was a final order; that it contained no reservation of jurisdiction in any respect; that no action was commenced to review this order although claimant was represented by counsel at the 1950 hearing; that no action was taken by the applicant within six years of the date of said order, notwithstanding the language of Section 102.17, Wis. Stats., which reads as follows:

"(4) The right of an employe, his legal representative or dependent to proceed under this section shall not extend beyond 6 years from the date of the injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, or would have been last payable if no advancement was made, whichever date is latest."

Upon these concessions alone we conclude that the commission was without jurisdiction to reconsider the appellant's claim.

The cases of *Weber v. Weber* (1952), 260 Wis. 420, 51 N. W. (2d) 18, and *Hartenstein v. Hartenstein* (1963), 18 Wis. (2d) 505, 118 N. W. (2d) 881, are cited for the authority that equity will in some instances grant relief upon collateral attack of judgments obtained by fraud.

These cases are not persuasive authority for the appellant in this proceeding. They enunciate the rule that an *independent* equitable action may grant relief of a judgment obtained by fraud. We are dealing here not with an independent equitable action but rather a statutory action to review the proceeding to assert a claim for workmen's compensation. This is not an action at law nor in equity as recognized by the common law. It is a statutory proceeding where the rights, remedies, and procedures are established by statute. The relief sought must be within the statute. By virtue of sec. 102.17, Stats., quoted above, the commission does not have

jurisdiction beyond six years from date of the injury or the date compensation was last paid.[1]

Although our conclusion above requires that the judgment appealed from be affirmed, we deem it advisable to consider the appellant's principal contention—that the 1950 order of the commission was obtained by fraud and, therefore, subject to review and redetermination. In support of this contention we are asked to re-examine our construction of sec. 102.23, Stats., which provides in part:

"The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; . . ."

Appellant maintains that the concealment of the solvent actually used constituted extrinsic fraud, preventing appellant from having a hearing on the merits of her case. It is further alleged that this court's construction of sec. 102.23, Stats., involved cases where intrinsic fraud was alleged or shown, and hence, this court "did not intend to say that only a fraud of the commission itself was the sole kind of extrinsic fraud which would void a compensation order."

Past judicial construction of sec. 102.23, Stats., does not bear out appellant's position. Set forth below are the pertinent cases. Whether extrinsic or intrinsic fraud was alleged is immaterial. The cases clearly hold that neither form of fraud is a ground for reopening a judgment or order of the Industrial Commission. Fraud on the part of the commission is the only basis for reopening the judgment.

Justice MARSHALL, in his dissenting opinion in *Boring v. Ott* (1909), 138 Wis. 260, 280, 119 N. W. 865, said:

"So the supreme test of competency for equitable relief is whether the facts constituting the fraud are extrinsic. If they are intrinsic in any sense, competency does not exist.

---

[1] *Fossman v. Industrial Comm.* (1950), 257 Wis. 540, 44 N. W. (2d) 266.

That suggests at once that mere perjury, as in this case, does not satisfy the test."

Continuing at page 294:

". . . Fraud to be the basis of attack upon a solemn judgment of a court must be extrinsic and have directly induced the judgment. Mere perjured testimony creating a fictitious condition upon which the court acted as a real one, resulting in the judgment, is not sufficient."

In *Pellett v. Industrial Comm.* (1916), 162 Wis. 596, 600, 601, 156 N. W. 956, fraud due to perjured testimony and concealment of facts was argued. The court said:

"It may be conceded that the language of the statute upon an original construction, regardless of principles guiding equity in granting relief from judgments obtained by fraud as announced in *Boring v. Ott,* . . . [cases cited] and regardless of the intent of the legislature as expressed in the report of and discussions before the committee that drafted the Workmen's Compensation Act, is susceptible of the construction that the fraud meant by the act includes perjury or the concealment of material facts upon the hearing. . . . Happily there is as to this statute no doubt upon the subject. The report of the committee referred to and the discussions had before it conclusively show that *it was the legislative intent that perjured testimony or concealment of material facts were not such fraud as the statute contemplates.* In their report the committee said: 'The fraud alluded to in the second ground will be only such as was perpetrated in securing the award, and will not include false testimony of any party, because such questions all will be decided by the board' (commission)." (Emphasis added.)

In *Klug & Smith Co. v. Industrial Comm.* (1925), 188 Wis. 422, 206 N. W. 53, upon a contention of perjured testimony and concealment of facts, this court cited and relied upon the *Pellett Case, supra,* for its decision. This court held that it is only fraud of the commission, and not perjury or

concealment of material facts which may be the basis of challenging findings of the commission.

In *Buehler Brothers v. Industrial Comm.* (1936), 220 Wis. 371, 265 N. W. 227, it was there claimed that the award was based on false and fraudulent statements throughout the entire course of the proceedings and that the true state of facts was not obtainable, in the exercise of due diligence, until after the time for appeal from the commission order had elapsed. The plaintiffs alleged fraud not only upon the perjured testimony and the concealment of material facts, but fraud which went to the very essence of the applicant's claim.

This court again followed the decision in the *Pellett Case, supra,* holding that the legislative history shows that the rules laid down in *Boring v. Ott,* and those of Justice MAR-SHALL in his dissenting opinion should govern the setting aside of orders of the Industrial Commission.

In *Woman's Home Companion Reading Club v. Industrial Comm.* (1939), 231 Wis. 371, 376, 285 N. W. 745, this court said:

"But if we take the matter at its worst, and assume that the conduct of the applicant was not only such as to be conducive to prosecution of fraudulent claims but constituted actual fraud in the instant case, it would appear that nothing can be here done about it. It was not a fraud of the commission, but a fraud of the applicant, and it is only fraud of the commission that can be asserted in an action under the Workmen's Compensation Act to set aside an award."

In the recent case of *Boles v. Industrial Comm.* (1958), 5 Wis. (2d) 382, 92 N. W. (2d) 873, this court said, at page 386:

"In several cases this court has determined that the fraud referred to in the statute means fraud of the commission. [Cases cited] . . . Thus the issue is not fraud on the part

of any of the parties or their attorneys, but we must determine whether or not the commission itself committed fraud."

The construction of sec. 102.23, Stats., is unambiguous—it is only fraud of the commission itself that can be asserted to upset a finding of the commission. The question remaining is whether this court's construction of that statute could be altered were the court inclined so to do. The answer must be no, in light of the cases to be set forth below.

In *Buehler Brothers v. Industrial Comm., supra,* this court said, at page 375:

"*Pellett v. Industrial Comm., supra,* was decided on March 14, 1916. The conclusions there reached were approved in *Klug & Smith Co. v. Industrial Comm., supra,* decided December 8, 1925. The statute in question has remained unamended, so we may well conclude that the construction placed upon it by this court did not contravene the intention of the legislature."

In *Thomas v. Industrial Comm.* (1943), 243 Wis. 231, 240, 10 N. W. (2d) 206, it is said:

"Since the *Independence Case, supra,* many sessions of the legislature have come and gone and the legislature has never amended the statute to change the rule of the *Independence Case.* This is significant."

The court in *Thomas* cited *Union Free High School Dist. v. Union Free High School Dist.* (1934), 216 Wis. 102, 256 N. W. 788:

" 'Since that time two legislatures have come and gone without amending the law; this they would in all probability have done if they had deemed the opinion of the attorney general unsound.' "

In *Meyer v. Industrial Comm.* (1961), 13 Wis. (2d) 377, 382, 108 N. W. (2d) 556, this court said:

"Assuming, but not admitting, that the reasoning in said cases was erroneous, the rule has become part of the statute and an attempt at this date to overrule our prior decisions would be an exercise of judicial legislation. . . .

" 'When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. . . . When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be.' " Citing *Thomas v. Industrial Comm., supra.*

*Estate of Atkinson* (1963), 19 Wis. (2d) 272, 278, 120 N. W. (2d) 109, is directly on point:

"We have said that the construction given to a statute by this court becomes part of the statute unless the legislature subsequently amends the statute to effect a change . . . [Cases cited]. Significantly, nearly sixty-five years have elapsed since this court's decision in *Lefebvre.*"

Significantly, nearly fifty years have elapsed since this court's decision in *Pellett v. Industrial Comm., supra,* that the only basis upon which an award of the Industrial Commission may be set aside is fraud committed by the commission itself, and that fraud of the parties cannot be the basis for setting aside an award.

The respondents have set forth additional arguments in support of their position. Because of our determination that the judgment be affirmed they need not be discussed.

*By the Court.*—Judgment affirmed.