John R. YUNKER, Petitioner-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Warner-Lambert Company and Hartford Accident & Indemnity Company, Respondents.

Court of Appeals

*No. 83–388. Submitted on briefs September 19, 1983.—Decided October 10, 1983.*

For the petitioner-appellant the cause was submitted on the briefs of *Maris Rushevics* and *Anderson, Fisher, Shannon, O'Brien & Rice* of Stevens Point.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   John Yunker appeals from a judgment affirming a Labor and Industry Review Commission order dismissing his application for worker's compensation benefits. The Department of Labor, Industry and Human Relations dismissed Yunker's application on the ground that it was barred under sec. 102.17(4), Stats. 1975, because the time for filing had lapsed.[1] Issues raised on appeal are whether credible evidence supports the findings of fact, whether long term disability benefits are "wages" under sec. 102.17(4), Stats., and whether the employer is estopped from raising a statute of limitations defense. We affirm.

Yunker was employed by a drug manufacturing company as a pharmaceutical sales representative. His job required carrying heavy product cases to doctors' offices. In 1969, he began to experience pain in his left hip. In 1970 and again in January 1971, he fell while working. He told his supervisor about the second fall but did not seek medical treatment. His condition worsened so he began to use a cane and went to see a doctor in May 1972. The doctor recommended Yunker lessen his ac-

---

[1] Section 102.17(4), Stats. 1975, provides in part:

The right of an employe . . . to proceed under this section shall not extend beyond 6 years from the date of injury or death or from the date that compensation, other than treatment or burial expenses, was last paid, or would have been last payable if no advancement were made, whichever date is latest. . . . Payment of wages by the employer during disability or absence from work to obtain treatment shall be deemed payment of compensation for the purpose of this section if the employer knew of the employe's condition and its alleged relation to the employment.

tivity and wrote a letter advising the supervisor of his recommendation.

In January 1973, Yunker and his supervisor met to discuss his future with the company. He left his employment on January 15 but received full salary for four months and half salary for two months under the company's salary continuation plan. Since August 1, 1973, he has received long term disability payments from the employer's disability insurance carrier. He has had hip and shoulder replacements and has not worked since 1973.

Following surgery in 1978, Yunker's doctors discussed with him the possibility that his hip injury might be work related. He wrote his former employer on June 11, 1978, asking for worker's compensation claim forms. In July he received the forms and completed the first report of injury. He returned the form to his employer with a letter dated October 20, 1978. On January 29, 1979, a company representative acknowledged receipt of the form and stated that it had been forwarded to their worker's compensation insurer. On November 12, 1979, the Worker's Compensation Division received an application for hearing. By then, the six year limit of sec. 102.17(4), Stats. 1975, had run unless the salary continuation plan was "wages" and the employer knew Yunker's injury was work related.

Following the hearing, the hearing examiner found that Yunker was not aware of the possible work related nature of his injury until 1978 and that the employer had no reason to know Yunker's condition was work related while it was paying him full or partial wages. He concluded Yunker's claim was barred by sec. 102.17 (4), Stats. 1975, and that the department had no authority to make a decision based on equity. Yunker appealed dismissal of his claim to the Labor and Industry Review Commission which affirmed the examiner's findings and

order. He appeals from a circuit court judgment affirming its decision.

An agency's finding of fact will be upheld on review if there is credible and substantial evidence of record to sustain the finding made. *Evans Bros. v. Labor & Ind. Rev. Comm.*, 113 Wis. 2d 221, 225, 335 N.W.2d 886, 888 (Ct. App. 1983). The evidence must not be so completely discredited by other evidence as to be incredible as a matter of law. *E.F. Brewer Co. v. ILHR Dept.*, 82 Wis. 2d 634, 636, 264 N.W.2d 222, 223 (1978). Even if we concluded the findings were contrary to the great weight and clear preponderance of the evidence, it would be beyond our jurisdiction to reverse. *Id.* at 636, 264 N.W. 2d at 223–24.

Yunker challenges the finding that he was not aware of the work related nature of his condition until 1978. He testified he immediately told his supervisor of the 1971 fall and presented a November 1972 letter from his physician to this supervisor stating that Yunker's activities, particularly carrying heavy cases, should be restricted to prevent further deterioration of his condition. He also testified he considered filing a worker's compensation claim in 1978 after his doctors discussed with him the possibility that his condition was work related. The hearing examiner found that petitioner's first awareness that the condition might be work related resulted from this conversation. The testimony is equivocal but the finding is not so discredited as to be incredible.

Yunker also challenges the finding that the employer was unaware of the work related nature of his condition when it paid salary continuation and disability benefits. Based on Yunker's testimony, the hearing examiner found the employer had no reason to know of the relationship between his condition and his work. The finding that Yunker did not know of the work related nature of

his condition implies that his employer did not know. Where evidentiary facts are not in dispute but permit different inferences, the drawing of an inference is a finding of fact within the province of the department. *Vocation. Tech. & Adult. Ed. Dist. 13 v. ILHR Dept.*, 76 Wis. 2d 230, 239, 251 N.W.2d 41, 46 (1977). The finding that the employer had no reason to know Yunker's condition was work related is supported by credible and substantial evidence. It is not incredible as a matter of law.

Yunker argues that the long term disability benefits he continues to receive from his former employer's insurance carrier are wages, payment of which toll the statute of limitations. Section 102.17(4), Stats. 1975, limits the time for making worker's compensation claims to six years from the date compensation was last paid. Compensation includes wage payments made during the period of disability if the employer knew of the employe's condition and that it was related to the employment. *Id.* Key requirements of sec. 102.17(4), Stats., are: 1) the payments must be "wages"; 2) the wages must be paid by the employer; 3) the employer must know of the employe's condition; and 4) the employer must know of the relationship between the condition and the employment. *Id.*

Yunker's claim does not meet the last requirement. His injury occurred in January 1971. He continued to work and receive regular wages until January 1972; for the following six months, he received either full or partial wages under the company's wage continuation plan. Since August 1, 1973, he has continuously received payments from an insurer under the company's long term disability plan. For six years, between January 1971, the date of injury, to January 1977, petitioner received money derived from his employment but the examiner found that during that period, the employer did not know

or have reason to know that petitioner's condition was related to his employment. Because we have accepted that finding, we need not decide whether disability payments from an insurer are wages within the meaning of sec. 102.17 (4), Stats.

Yunker's final argument is that his employer is estopped from asserting the statute of limitations because the employer caused him to delay filing his claim until after his claim was barred. He argues that a July 20, 1978, letter from one of his former employer's personnel representatives led him to believe his claim would be effectively filed when he returned the completed report of injury forms. He cites *Boehm v. Wheeler*, 65 Wis. 2d 668, 223 N.W.2d 536 (1974); *Marlin Electric Co. v. Industrial Comm.*, 33 Wis. 2d 651, 148 N.W.2d 74 (1967); and *Hurwitz v. Worker's Compensation Appeals Board*, 97 Cal. App. 3d 854 (1979), to support his position. None of these cases do so.

*Boehm* does not deal with a worker's compensation claim. *Marlin Electric* does not deal with the issue of estoppel; it merely makes reference to estoppel in dicta. *Hurwitz* states California law on estoppel in worker's compensation cases but does not apply it to the case. We find no authority to indicate that DILHR has the power to rule on equitable issues. Wisconsin law suggests the opposite.

Worker's compensation hearings are statutory proceedings where the remedies are established by statute. *Borello v. Industrial Comm.*, 26 Wis. 2d 62, 66, 131 N.W. 2d 847, 849 (1965). The relief sought must be within the statute. *Id.* The commission does not have jurisdiction beyond six years from the date of injury or the date compensation was last paid. *Id.* at 66–67, 131 N.W.2d at 849. Since ch. 102, Stats., does not provide an equitable remedy, DILHR cannot create one. We affirm.

*By the Court.*—Judgment affirmed.