COURT OF APPEALS
DECISION
DATED AND FILED

December 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP918**

Cir. Ct. No. **2022CV120**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

BRUCE BELLAND TRUCKING, INC.,

PETITIONER-APPELLANT,

V.

LABOR AND INDUSTRY REVIEW COMMISSION AND MARK MANEY,

RESPONDENTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Vilas County: DANIEL L. OVERBEY, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Bruce Belland Trucking, Inc., ("Belland") appeals from a circuit court order affirming a decision of the Labor and Industry Review

Commission ("the Commission"). The Commission concluded that Belland had violated WIS. STAT. § 102.35(3) (2023-24),[1] by failing to rehire its former employee, Mark Maney, following a workplace injury.

¶2 On appeal, Belland concedes, as a general matter, that it had a continuing duty to rehire Maney. Belland argues, however, that Maney had a duty to disclose to Belland that he had filed a worker's compensation claim against it, and because Maney failed to do so, Belland had no duty to rehire him. Belland also argues that the filing of that claim mooted its continuing duty to rehire Maney. We reject these arguments and affirm the circuit court's order affirming the Commission's decision.

## BACKGROUND

¶3 The following facts are taken from the Commission's decision and are undisputed for purposes of this appeal. Belland is a company that harvests, hauls, and sells wood. Maney was employed by Belland as a driver of a loader truck. On February 26, 2018, Maney injured his knee while exiting the loader truck after securing a load. He underwent surgery to repair the injury on April 3, 2018.

¶4 Maney was released to return to work without restrictions as of April 18, 2018. On April 16, he informed Belland that he had been cleared to work as of April 18 but would be out of town for his daughter's wedding until April 21. On April 22, Maney called Belland's owner and inquired about

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version. Although the events underlying this appeal occurred in 2018, the text of WIS. STAT. § 102.35(3) has not changed since that time.

returning to work. The owner told Maney that he had sold the truck that Maney normally used, that Maney no longer had a job, and that Maney should file for unemployment benefits. Maney became agitated, and the call ended abruptly.

¶5 Belland had planned to harvest two lots of oak trees during the early spring of 2018. However, the DNR found oak wilt near those lots, which prevented or limited Belland from harvesting them between April 15 and July 15, 2018. In addition, there were annual weight limits in place due to thawing roads until about May 15, 2018. As a result of these two issues, Belland's business sharply declined during the spring of 2018. Belland's owner therefore sold two of the company's three trucks in April 2018. He also sold a bulldozer in May 2018 to "lower payments and raise cash."

¶6 On May 24, 2018, after the weight limits on the roads were lifted, Belland hired another individual to drive its remaining truck. Thereafter, Maney found a new job with a different employer, but he subsequently left that employment and was again unemployed. Maney then had periods of employment and unemployment.

¶7 On May 14, 2018, Maney filed a hearing application seeking worker's compensation benefits, alleging that Belland had violated WIS. STAT. § 102.35(3) by refusing to rehire him following his workplace injury.[2] A hearing on Maney's claim took place before an administrative law judge (ALJ) on

---

[2] In its decision, the Commission noted that Maney had signed and dated the hearing application on April 26, 2018, but the application was "marked as received by the worker's compensation division on May 14, 2018." The Commission also noted that markings on the application "indicate that it was not served on [Belland] by the [Department of Workforce Development (DWD)] under WIS. STAT. § 102.17(1)(a) until June 21, 2018."

September 29, 2021.  Prior to the hearing, Belland "conceded jurisdictional facts, an average weekly wage of $1040.96, and the occurrence of a compensable injury to [Maney's] right knee on February 26, 2018."  Belland disputed, however, that it had violated § 102.35(3) by refusing to rehire Maney.

¶8     On November 18, 2021, the ALJ issued a decision concluding that Belland did not unreasonably refuse to rehire Maney in violation of WIS. STAT. § 102.35(3).  Specifically, the ALJ found that a downturn in Belland's business led it to sell equipment, such that Belland no longer had a truck for Maney to drive when he sought reinstatement on April 22, 2018.

¶9     Maney filed a petition for review of the ALJ's decision by the Commission.  Belland filed an answer and a one-page letter brief asking the Commission to affirm the ALJ's decision.

¶10     On December 13, 2022, the Commission issued a unanimous order affirming in part and reversing in part the ALJ's decision.  The Commission concluded that Maney had made a prima facie showing that he was injured in the course of his employment and that Belland subsequently refused to rehire him. *See Anderson v. LIRC*, 2021 WI App 44, ¶12, 398 Wis. 2d 668, 963 N.W.2d 89. Accordingly, the burden shifted to Belland to show that there was reasonable cause for its refusal to rehire Maney.  *See id.*

¶11     The Commission concluded that Belland's "economic circumstances due to the annual weight load restriction and the oak wilt restriction— circumstances that l[ed] [Belland] to sell significant portions of its capital equipment—gave it reasonable cause to refuse to immediately rehire [Maney] as of April 22, 2018."  The Commission found, however, that by May 24, 2018, Belland's economic circumstances "had improved to the point that [Belland] was

able to hire a new employee … to perform the same duties … that [Maney] had performed prior to his injury." As such, the Commission determined that while Belland did not have suitable employment available for Maney on April 22, 2018, "it did have such work available by May 24, 2018." The Commission concluded that Belland had a continuing duty to rehire Maney under these circumstances and that it violated that duty by failing to offer Maney the job that became available on May 24, 2018, before offering that position to another individual.

¶12 The Commission acknowledged that, "[a]t some point, presumably, enough time passes that an employer would not have to try to locate a former worker and offer him or her a job" following a workplace injury. Nevertheless, the Commission stated "that point had not been reached in this case," and Belland "did not have reasonable cause for refusing to contact a former, injured worker about employment available one month after a discharge."

¶13 The Commission rejected Belland's argument that its duty to rehire Maney ended on May 14, 2018, when Maney filed a worker's compensation claim alleging an unreasonable refusal to rehire. The Commission noted that Belland had cited no authority in support of that proposition and that there was "no legal basis to conclude that an employer's liability to an injured worker under the worker's compensation law somehow ends upon the filing of a hearing application."

¶14 Belland sought judicial review of the Commission's decision, and the circuit court affirmed the decision in an oral ruling. The court explained that "the applicable statutes and regulations imposed on [Belland] a duty to rehire" and that Belland still had that duty one month after Maney's termination. The court rejected Belland's argument that it no longer had a duty to rehire Maney after he

filed a claim under WIS. STAT. § 102.35(3), stating that such a conclusion would be "not only counterintuitive," but also "contrary to the intent of the statute." The court subsequently entered a written order memorializing its oral ruling, and Belland now appeals from that order.

## DISCUSSION

¶15    On appeal, we review the Commission's factual findings and legal conclusions, not those of the circuit court. *Anderson*, 398 Wis. 2d 668, ¶10.

> The scope of judicial review is circumscribed by WIS. STAT. § 102.23(1)(e), under which a worker's compensation order or award may be overturned only if [the Commission] acted without authority, the order or award was procured by fraud, or if [the Commission's] findings of fact do not support the order or award.

*Id.*

¶16    The dispositive issue in this case is whether Belland unreasonably refused to rehire Maney following his workplace injury, in violation of WIS. STAT. § 102.35(3). Under that statute, an employer

> who without reasonable cause refuses to rehire an employee who is injured in the course of employment, when suitable employment is available within the employee's physical and mental limitations, … has exclusive liability to pay to the employee, in addition to other benefits, the wages lost during the period of such refusal, not exceeding one year's wages.

Sec. 102.35(3).

¶17    "Whether an employer unreasonably refused to rehire an individual is a mixed question of fact and law." *Anderson*, 398 Wis. 2d 668, ¶11. We will uphold the Commission's findings of historical fact if there is credible and

6

substantial evidence on which reasonable persons could rely to make those findings. *Id.* However, where, as here, the relevant facts are undisputed, "our review is limited to [the Commission's] application of the worker's compensation statutes to those facts," which is a question of law that we review de novo. *Id.*

¶18 As noted above, "[t]he analysis under WIS. STAT. § 102.35(3) employs a burden-shifting framework." *Id.*, ¶12. "After an employee shows that he or she has been injured in the course of employment and subsequently denied rehire, it becomes the employer's burden to show reasonable cause for not rehiring the applicant." *Id.* An employer may satisfy this burden by showing that there was no other suitable employment available within the employee's physical and mental limitations. *Id.*

¶19 In this case, it is undisputed that Maney made a prima facie showing that he was injured in the course of his employment and was subsequently denied rehire. The disputed issue is whether Belland met its burden to show reasonable cause for refusing to rehire Maney. We conclude that the Commission properly applied WIS. STAT. § 102.35(3) to the undisputed facts when it determined that Belland failed to meet its burden.

¶20 As an initial matter, the Commission properly concluded that Belland had reasonable cause for refusing to rehire Maney on April 22, 2018, because the undisputed facts showed that, due to economic factors, Belland did not have suitable employment available for Maney at that time. The undisputed facts further showed, however, that by May 24, 2018, the relevant economic factors had improved enough for Belland to hire a new employee to perform the same work that Maney had performed prior to his injury. The Commission properly concluded that, under these circumstances, Belland had unreasonably refused to

rehire Maney on May 24, 2018, because Belland had suitable employment available for Maney on that date but instead hired another individual.

¶21     On appeal, Belland does not dispute that it had a continuing duty to rehire Maney under WIS. STAT. § 102.35(3) after it initially refused to rehire him on April 22, 2018.  Instead, Belland argues that: (1) Maney had a duty to disclose to Belland that he had filed a worker's compensation claim on May 14, 2018, and because Maney failed to do so, Belland had no duty to rehire him; and (2) Maney's filing of the claim mooted or suspended Belland's continuing duty to rehire him.

¶22     In response, the Commission argues that Belland forfeited these arguments by failing to raise or adequately develop them before the Commission. *See **Bunker v. LIRC***, 2002 WI App 216, ¶15, 257 Wis. 2d 255, 650 N.W.2d 864 ("It is settled law that to preserve an issue for judicial review, a party must raise it before the administrative agency.").  More specifically, the Commission asserts that Belland did not raise any argument before it that Maney had a duty to disclose the filing of his WIS. STAT. § 102.35(3) claim while seeking reinstatement.  The Commission concedes that Belland did raise an argument below that its continuing duty to rehire ceased when Maney filed his worker's compensation claim.  The Commission argues, however, that Belland failed to adequately develop that argument because Belland cited no legal authority to support it.  *Cf. **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating that the court of appeals need not address undeveloped arguments or arguments unsupported by references to legal authority).

¶23     Even if Belland forfeited its current arguments by failing to raise them before the Commission, "[t]he forfeiture rule is a rule of judicial

administration, and thus a reviewing court may disregard a forfeiture and address the merits of an unpreserved issue in an appropriate case." *See* *State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530. Here, we exercise our discretion to address the merits of Belland's arguments because the underlying facts are undisputed and both parties have briefed the issues. *See* *State v. Bodoh*, 226 Wis. 2d 718, 737, 595 N.W.2d 330 (1999).

¶24 As noted, Belland first argues that it had no duty to rehire Maney because Maney failed to disclose that he had filed a worker's compensation claim against Belland on May 14, 2018. Citing *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 37, 288 N.W.2d 95 (1980), Belland asserts that there is a "duty to disclose the pending legal action pursuant to Restatement of Torts 2d 551 (2)(e)." The worker's compensation system, however, was designed to avoid the law of torts. When the legislature enacted the Worker's Compensation Act, it "intended to grant employers immunity from all tort liability on account of injuries to employees." *Guse v. A. O. Smith Corp.*, 260 Wis. 403, 406-07, 51 N.W.2d 24 (1952). "By entering into an employment relationship, then, the employer and employee make it part of their relationship to resolve work-related injury disputes within the statutory worker's compensation framework." *Adams v. Northland Equip. Co.*, 2014 WI 79, ¶25, 356 Wis. 2d 529, 850 N.W.2d 272. As such, the tort law "duty to disclose" discussed in *Ollerman* is irrelevant to Maney's worker's compensation claim against Belland.

¶25 Belland also cites case law pertaining to "good faith" in contract negotiations to support an argument that an employer cannot be expected to hire a person who is suing it. Again, though, these cases are materially distinguishable because of Maney's and Belland's participation in the worker's compensation system. Here, Maney did not sue Belland; he filed a worker's compensation claim

9

against it. Belland cites no case law in support of the proposition that, under these circumstances, Maney was required to disclose the filing of his claim to Belland while seeking reinstatement.

¶26    Belland further cites *L & H Wrecking Co. v. LIRC*, 114 Wis. 2d 504, 510, 339 N.W.2d 344 (Ct. App. 1983), which held that "to require a *terminated* employee to report to work in order to recover under [WIS. STAT. § 102.35(3)] is an unreasonable construction of the statute." However, it is unclear why Belland believes that *L & H Wrecking* supports its position, particularly given Belland's concession that "the factual circumstances in [*L & H Wrecking*] differed from those of the case at hand." We see nothing in *L & H Wrecking* that supports Belland's argument on appeal.

¶27    In short, Belland has failed to cite any legal authority actually supporting its assertion that Maney had a duty to disclose that he had filed a worker's compensation claim against Belland under WIS. STAT. § 102.35(3).[3]  We therefore reject Belland's first argument on appeal.

¶28    Belland's second argument on appeal is that the filing of a claim under WIS. STAT. § 102.35(3) "renders the continuing duty to rehire moot." (Formatting altered.)  Stated differently, Belland argues that once Maney filed his claim based on Belland's April 22, 2018 refusal to rehire him, Maney was barred from asserting any claim that Belland subsequently refused to rehire him on a later date.

---

[3] Additionally, we note that by statute, after an employee files a hearing application, it is *the DWD's* responsibility to "mail a copy of the application to all other parties in interest." *See* WIS. STAT. § 102.17(1)(a)1.  As noted above, the DWD served a copy of the hearing application on Belland on June 21, 2018.

¶29    The plain language of WIS. STAT. § 102.35(3) does not support this argument.  *See* ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (explaining that statutory interpretation "begins with the language of the statute" and "[i]f the meaning of the statute is plain, we ordinarily stop the inquiry").  Section 102.35(3) states that an employer "who without reasonable cause refuses to rehire an employee who is injured in the course of employment, when suitable employment is available within the employee's physical and mental limitations," is liable to that employee.  The statute says nothing about an employer's duty to rehire being suspended or mooted by the filing of a claim.  We agree with the Commission that "[i]f the [l]egislature had intended to suspend the employer's duty to rehire based on the filing of a … § 102.35(3) application, it would have explicitly stated this intention by including the appropriate language" in the statute.

¶30    Belland's interpretation is also contrary to the purpose of WIS. STAT. § 102.35(3).  Our supreme court has explained that § 102.35(3) "must be liberally construed to effect as fully as possible the beneficent objectives of the workers compensation act."  ***West Allis Sch. Dist. v. DILHR***, 116 Wis. 2d 410, 422, 342 N.W.2d 415 (1984).  The plain words of the statute show that "its purpose is to prevent discrimination against employees who have previously sustained injuries and to see to it, if there are positions available and the injured employee can do the work, that the injured person goes back to work with his former employer."  ***Id.*** Belland's interpretation of § 102.35(3) would allow an employer to avoid liability by refusing to rehire an employee without reasonable cause after the employee has filed a worker's compensation claim, which would be contrary to the statute's manifest purpose.  *See* ***Kalal***, 271 Wis. 2d 633, ¶49 ("[A] plain-meaning

11

interpretation cannot contravene a textually or contextually manifest statutory purpose.").

¶31 Belland's citations to case law are also unavailing. For instance, citing *A.D. Thomson Co. v. Industrial Commission*, 222 Wis. 445, 450, 268 N.W. 113 (1936), *reh'g denied and opinion modified sub nom.*, *A.D. Thompson Co. v. Industrial Comm'n*, 222 Wis. 445, 269 N.W. 253 (1936), Belland asserts that "[w]hen the application was filed May 14, 2018, there was but one cause of action." Citing *Yunker v. LIRC*, 115 Wis. 2d 525, 531, 341 N.W.2d 703 (Ct. App. 1983), Belland then asserts that the Commission "lacks equitable power to relieve Maney of the consequences of filing an application at the time he did since all claims through [WIS. STAT. §] 102.35(3) are deemed filed on May 14, 2018." However, neither *A.D. Thomson* nor *Yunker* involved an employee's claim under § 102.35(3) for an employer's unreasonable refusal to rehire. As such, those cases are materially distinguishable and do not support Belland's argument that Maney's filing of a claim mooted Belland's continuing duty to rehire him.

¶32 Belland also cites prior Commission decisions for the proposition that "the filing of an application tolls the [s]tatute of limitations." As an initial matter, the Commission's prior decisions are not binding on this court. *See Amazon Logistics, Inc. v. LIRC*, 2023 WI App 26, ¶34 n.12, 407 Wis. 2d 807, 992 N.W.2d 168, *review granted*, 2024 WI 3, 4 N.W.3d 902, *and review dismissed as improvidently granted*, 2024 WI 15, 411 Wis. 2d 166, 4 N.W.3d 294. In any event, the decisions that Belland cites are inapt, as Belland has not shown that Maney's claim was filed outside of the statute of limitations.

¶33 Belland further asserts that an employer "can only violate [WIS. STAT. § 102.35(3)] on one date" and "cannot violate [§ 102.35(3)] on two separate

12

dates." However, Belland cites no legal authority in support of these assertions. Instead, Belland argues that allowing an employee to allege a violation of the statute on more than one date "would allow a double recovery to be claimed," which would be an "arbitrary and capricious" result.

¶34 We disagree that our interpretation of WIS. STAT. § 102.35(3) would permit a double recovery. If an employee files a claim under § 102.35(3) based on an employer's initial refusal to rehire, and the employer subsequently refuses to rehire the employee a second time, the Commission will need to determine whether each refusal was unreasonable. If the Commission determines that the employer lacked reasonable cause for the first refusal to rehire, then the employee will be entitled to damages starting from the date of the first refusal, and the second refusal will be immaterial. If the Commission instead determines—as it did here—that the employer had reasonable cause for the first refusal to rehire but lacked reasonable cause for the second refusal, then the employee will be entitled to damages from the date of the second refusal only. In neither scenario will the employee receive a double recovery.

¶35 Finally, Belland asserts that it relied on "the existing April 22, 2018 allegation," which gave it a "reasonable basis to believe [WIS. STAT. §] 102.35(3) was no longer imposing a duty to rehire on May 24, 2018." Belland does not explain, however, why any such belief that it no longer had a duty to rehire Maney would have been reasonable. As explained above, neither the plain language of § 102.35(3) nor the statute's purpose support Belland's argument that an employer's continuing duty to rehire is rendered moot when an employee files a claim under the statute. Moreover, Belland has cited no case law directly supporting that proposition. Under these circumstances, we reject any claim that

Belland had a reasonable basis to believe that it no longer had a duty to rehire Maney on May 24, 2018.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.